# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES ANTHONY DAVIS,

    Petitioner,

vs.

DWIGHT W. NEVEN, et al.,

    Respondents.

Case No. 2:15-cv-01574-RFB-NJK

**ORDER**

Petitioner has submitted an application to proceed in forma pauperis (#1) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court finds that petitioner is unable to pay the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This action is untimely, and petitioner will need to show cause why the court should not dismiss this action.

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). If the judgment is not appealed, then it becomes final thirty days after entry, when the time to appeal to the Nevada Supreme Court has expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). See also Nev. R. App. P. 4(b), 26(a). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). A prior federal habeas corpus petition does not toll the period of limitation. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). Actual innocence can excuse operation of the statute of limitations. McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. (quoting Schlup v. Delo, 515 U.S. 298, 329 (1995)). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "In cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Id. at 624.

The petitioner effectively files a federal petition when he delivers it to prison officials to be forwarded to the clerk of the court. Patterson, 251 F.3d at 1245 n.2. The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

In the Eighth Judicial District Court of the State of Nevada, petitioner agreed to plead guilty to one count of first-degree murder. That court entered its judgment of conviction on April 27, 2004. Petitioner appealed. He asked to dismiss the appeal voluntarily, and the Nevada Supreme Court dismissed the appeal on December 16, 2004. State v. Davis, No. 43345.[1] Petitioner could not petition the Supreme Court of the United States for a writ of certiorari because he dismissed the appeal voluntarily, and the judgment of conviction became final on December 16, 2004.

While the direct appeal was pending, petitioner filed a petition for a writ of mandamus in the Nevada Supreme Court on July 8, 2004. That court denied the petition on August 23, 2004, and a notice in lieu of remittitur issued on September 17, 2004. Davis v. State, No. 43563.[2] This petition does not affect the court's calculations because the proceedings concluded before the one-year period of § 2244(d) started to run.

On January 21, 2005, thirty-six days later, petitioner filed his first post-conviction habeas corpus petition in state district court. The state district court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed on July 27, 2007. Davis v. State, No. 47812. Remittitur issued on August 21, 2007.[3] The one-year period was tolled while this petition was pending. 28 U.S.C. § 2244(d)(2).

While the first state habeas corpus petition was pending, petitioner filed another petition for a writ of mandamus in the Nevada Supreme Court on May 31, 2005. That court denied the petition on June 16, 2005, and a notice in lieu of remittitur issued on July 12, 2005. Davis v. District Court, No. 45330.[4] This petition does not affect the court's calculations because the one-year period already was tolled by the pendency of the first state habeas corpus petition.

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=11196. All on-line citations in this order were generated on October 30, 2015.

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=11414.

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=15667.

[4] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=13184.

-3-

Petitioner had nothing pending in state court for more than a year after the conclusion of the first state habeas corpus petition. The one-year period of § 2244(d) expired at the end of July 16, 2008.[5] Petitioner delivered his current federal habeas corpus petition for mailing on August 10, 2015, long after the one-year period had expired.

Petitioner has filed two more state habeas corpus petitions after the expiration of the federal one-year period. The Nevada Supreme Court found that both of them were untimely under Nev. Rev. Stat. § 34.726(1) and successive under Nev. Rev. Stat. § 34.810. Davis v. State, No. 54109,[6] Davis v. State, No. 64959.[7] They were not properly filed within the meaning of 28 U.S.C. § 2244(d)(2), and they did not qualify for tolling of the one-year period. Pace, 544 U.S. at 417. Furthermore, the one-year period already had expired when petitioner filed these petitions, and no time remained to be tolled. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Petitioner also has appealed the denials of various motions, all after the expiration of the one-year period. The Nevada Supreme Court has dismissed all these appeals for lack of jurisdiction. Even if these motions and appeals could qualify for tolling under § 2244(d)(2), the one-year period had expired, and no time remained to be tolled. Ferguson, 321 F.3d at 823.

In the past eleven years, petitioner has commenced in this court at least seven actions that challenged the same judgment of conviction. Petitioner styled some of them as petitions for a writ of mandamus or motions pursuant to 28 U.S.C. § 2255. All of them were dismissed at the most preliminary stages. None of them qualify for tolling under § 2244(d)(2). Walker, 533 U.S. at 181-82.

---

[5] If the court determined rule that petitioner could have petitioned the Supreme Court of the United States after the voluntary dismissal of his appeal, then it would affect the date that the one-year period expired, but it would not affect the ultimate determination that this action is untimely. The judgment of conviction would have become final on March 16, 2005, and the one-year period would have been tolled immediately because the first state habeas corpus petition already was pending. The thirty-six days between the voluntary dismissal of the direct appeal and the filing of the first state habeas corpus petition would not have counted against the one-year period. The one-year period would have expired on August 21, 2008, which means that the current federal petition still would be untimely.

[6] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=22011.

[7] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=33148.

1  Beneath the caption of the petition, petitioner writes, "Newly Discovered Evidence establishing
2 actually innocent." Nowhere else in the petition does petitioner mention what this evidence is. If
3 petitioner has an argument that he is actually innocent, then he will need to present that argument in his
4 showing of cause.

5  IT IS THEREFORE ORDERED that the application to proceed <u>in forma pauperis</u> (#1) is
6 **GRANTED**. Petitioner need not pay the filing fee of five dollars ($5.00).

7  IT IS FURTHER ORDERED that the clerk of the court shall file the petition for a writ of habeas
8 corpus pursuant to 28 U.S.C. § 2254.

9  IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry
10 of this order to show cause why the court should not dismiss this action as untimely. Failure to comply
11 with this order will result in the dismissal of this action.

12  IT IS FURTHER ORDERED that the clerk shall add Adam Paul Laxalt, Attorney General for
13 the State of Nevada, as counsel for respondents.

14  IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy
15 of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within
16 twenty (20) days of entry of this order, but no further response shall be required from respondents until
17 further order of the court.

18  DATED: 5th day of February, 2016.

RICHARD F. BOULWARE, II
United States District Judge